UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LANGTRY,

    Plaintiff,                                              Civil Action No. 20-CV-11420

vs.                                                  HON. BERNARD A. FRIEDMAN

MACOMB COUNTY,
ERIC SMITH, and
JEAN CLOUD,

    Defendants.
_____/

## **OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

This matter is presently before the Court on defendant Macomb County's motion to dismiss [docket entry 11] and defendant Eric Smith's motion to dismiss [docket entry 13]. Plaintiff has filed responses in opposition to both motions. Defendants have not replied, and the time for them to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny both motions.

Plaintiff is a career prosecutor who worked for many years in the Macomb County Prosecutor's Office. Plaintiff alleges that in January 2020 he retired from this prosecutor's office but that he was immediately rehired as a "special prosecutor." Compl. ¶¶ 15-16. Further, "[b]y a statutory office succession process determined by [Macomb County Prosecutor] Smith, titled Statement of Appointments and filed with the county clerk, Plaintiff was, prior to his retirement, next in line to hold the Prosecuting Attorney position if Smith should no longer be able to serve." *Id.* ¶ 19. "Smith maintained Plaintiff as next in line to succeed him after he assumed the Special Prosecutor position on January 21, 2020." *Id.* ¶ 20. Approximately two

months later, in March 2020, when defendants learned that plaintiff had participated as a witness in the Michigan Attorney General's criminal investigation into whether Smith had misused seized assets, "Smith executed . . . a new statutory Statement of Appointments, removing Plaintiff as his successor and replacing him with Defendant Cloud." *Id.* ¶¶ 31, 35. On March 27, Smith was arraigned. *Id.* ¶ 36. One hour later, Cloud, as acting Prosecuting Attorney, announced to staff members that plaintiff "would no longer be involved in any office decision-making"; she later referred to plaintiff as a "snitch." *Id.* ¶¶ 41-42. On April 13, 2020, Cloud, who became interim Prosecuting Attorney upon Smith's resignation on March 30, terminated plaintiff. *Id.* ¶¶ 43, 49.

In Count I, plaintiff claims that defendants Macomb County, Smith, and Cloud violated his First Amendment rights by retaliating against him for participating in the criminal investigation against Smith. Defendants allegedly "removed Plaintiff as next in line prosecuting attorney, significantly diminished his responsibilities and subsequently terminated his employment because he assisted in an investigation into Defendant Smith and other county officials' illegal acts, leading to their criminal charges." *Id.* ¶ 61. In Count II, plaintiff claims that defendants violated his rights under the Michigan Whistleblowers' Protection Act ("WPA"), Mich. Comp. Laws § 15.361, et seq. for the same reasons. In Count III, plaintiff claims that Smith interfered with the business relationship plaintiff had with Macomb County "by removing Plaintiff's designation as next in line, removing his duties, and subsequently telling Defendant Cloud that he should be terminated." *Id.* ¶ 78. For relief, plaintiff seeks damages, declaratory and injunctive relief, costs, interest, and attorney fees.

Defendant Macomb County seeks dismissal of Count I on the grounds that

"Plaintiff fails to identify any County policy or custom as the root cause of his termination." Def.'s Br. at 7. The Court rejects this argument because the unconstitutional decisions in the matter were allegedly made by the county's prosecuting attorney, Smith being the elected prosecutor and Cloud being the acting or interim prosecutor. A municipality may be held liable under 42 U.S.C. § 1983 if "an official with final decision making authority ratified illegal actions." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). If defendants Smith and Cloud did not have final authority to make the decisions at issue in this case, defendant Macomb County will have an opportunity to make this showing in a properly supported motion for summary judgment, but Count I cannot be dismissed on the grounds it suggests.

Defendant Macomb County seeks dismissal of Count II because "Plaintiff's manifest failure to plead the factual basis causally connecting the County to the harms he alleges constitutes a failure to state a claim upon which relief may be granted." Def.'s Br. at 12. The Court rejects this argument. The WPA prohibits an "employer" from discharging or discriminating against an employee who reports suspected violations of the law, and the definition of employer includes the employer's agents. Mich. Comp. Laws §§ 15.361-2. The allegations are sufficiently specific in the present case to state a plausible retaliation claim in violation of the WPA, and the county, as plaintiff's employer, may be held liable under this statute for the retaliatory actions of its agents.

Defendant Smith argues that Counts I and II should be dismissed because he was

not employed by the county, and therefore had no power as a state actor, when plaintiff's duties were reduced or when he was discharged. The Court rejects this argument because plaintiff alleges that Smith, while he was still employed as the Macomb County prosecutor, retaliated against him by reducing his duties and responsibilities and by removing him from the "Statement of Appointments" as Smith's successor. These retaliatory acts, allegedly taken before Smith resigned, suffice to permit both of these counts to proceed.

Defendant Smith next argues that he "did not have the power to select his successor through this [appointment] document" because the power to fill a vacancy in the office of county prosecutor lies with the county circuit court. Def.'s Br. at 8. The Court rejects this argument. As plaintiff clarifies in his response to this motion, he does not allege that Smith failed to appoint him, but that Smith removed him from the statement of appointment in which Smith had named plaintiff as the chief assistant prosecutor. Therefore, plaintiff's allegation is that Smith, while still in office, in effect demoted him and reduced his duties and responsibilities.

Defendant Smith next argues that plaintiff's WPA claim fails as to him because he was not plaintiff's employer when plaintiff was discharged. The Court rejects this argument for the reason indicated above: the alleged retaliation consists not only of the discharge decision but also in the reduction in job responsibilities, and the latter occurred, in part, while Smith was still employed as the county prosecutor. Defendant Smith also argues that removing plaintiff from the statement of appointment did not change his compensation or other conditions of his employment. But this is a factual issue that must be fleshed out in discovery.

Finally, defendant Smith argues that Count III should be dismissed because the

4

complaint does not sufficiently allege a tortious interference claim. The Court disagrees. Such a claim has the following elements: "(1) the existence of a valid business relationship or expectancy; (2) the defendant's knowledge of the relationship or expectancy; (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy; and (4) damages." *Zerafa v. Hesse*, No. 339409, 2018 WL 4927104, at *4 (Mich. Ct. App. Oct. 9, 2018). Further, plaintiff "must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *CMI Int'l, Inc. v. Intermet Int'l Corp.*, 649 N.W.2d 808, 812 (Mich. Ct. App. 2002) (internal quotation marks and citation omitted). Defendant Smith argues he did nothing inherently wrongful in, as plaintiff alleges, "telling Defendant Cloud that [plaintiff] should be terminated." Compl. ¶ 78.

The Court rejects this argument because the wrongfulness, if any, of Smith urging Cloud to terminate plaintiff will depend on the circumstances. If, as plaintiff alleges, Smith made this recommendation in retaliation for plaintiff's participation in the criminal investigation into Smith's alleged misuse of forfeiture funds, the wrongfulness will be apparent. If no such retaliatory motive can be proven, or if it turns out that Smith had no influence over Cloud, then the claim will fail. In any event, the Court cannot decide the issue at the pleading stage.

For these reasons, the Court finds no merit in the arguments defendants Macomb County and Smith have presented in support of their motions to dismiss. Accordingly,

IT IS ORDERED that defendant Macomb County's motion to dismiss is denied.

IT IS FURTHER ORDERED that defendant Smith's motion to dismiss is denied.

Dated:  August 10, 2020
        Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE